UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REY DAVIS BELL,<br><br>               Plaintiff,<br><br>   v.<br><br>JODY BECKER-GREEN,<br><br>               Defendant. | CASE NO. C17-5319 BHS-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 53), and Plaintiff's objections to the R&R (Dkt. #58).

The factual background of this case is set out in detail in the R&R. *See* Dkt. 53 at 1–2. On May 24, 2017, Plaintiff filed his complaint and simultaneously requested an emergency temporary restraining order. Dkts. 8–11. On July 25, 2017, Defendants responded. Dkt. 25. On August 3, 2017, Plaintiff replied. Dkt. 28.

On October 11, 2017, Judge Fricke issued the R&R. Dkt. 53. The R&R recommends that the Court deny Plaintiff's motion for a temporary restraining order. *Id.* However, the R&R makes this recommendation subject to a determination by the Court

whether a hearing on the motion with or without an expedited trial on the merits is warranted. Dkt. 53 at 9. On October 20, 2017, Plaintiff objected to the R&R. Dkt. 58

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the R&R to the extent that it concludes that the alleged violation of his first amendment rights does not constitute irreparable harm. Dkt. 58 at 2; *see also* Dkt. 53 at 4. To support his position, Plaintiff argues that a possible constitutional deprivation of a constitutional right constitutes irreparable harm for purposes of a preliminary injunction. Dkt. 58 at 1 (citing *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) ("[I]t is the alleged violation of a constitutional right that triggers a finding of irreparable harm.")).

While plaintiff is correct that a showing of a substantial likelihood of a constitutional violation generally constitutes irreparable harm, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original; quotation omitted). This suggests that, when a plaintiff seeking a preliminary injunction order makes an argument that relies on the alleged constitutional deprivation itself to show irreparable injury, the likelihood of success element of the applicable standard must establish by a clear showing that the Plaintiff is suffering or will imminently suffer a constitutional deprivation.

In this case, the Court is not convinced that Plaintiff has, at this stage, made a clear showing that Defendants are violating his constitutional rights. Accordingly, while the R&R has correctly assessed that Plaintiff has shown some likelihood of success on the merits, *see* Dkt. 53 at 5–9, that likelihood of success and the extent of his alleged right to use a religious name is not at this stage so clearly shown and defined as to warrant preliminary injunctive relief. This is particularly so where the requested injunctive relief would upend, rather than preserve, the status quo in the administration of identification procedures at the prison where Plaintiff is committed. Accordingly, the Court adopts the R&R, denies Plaintiff's motion for a temporary restraining order and preliminary injunction and remands to Judge Fricke for further proceedings including determinations on the pending discovery motions and a recommendation on Plaintiff's pending motions to appoint counsel and for summary judgment.

Additionally, the Court notes that the parties have filed a stipulated motion to continue the pending motion for summary judgment in light of their discussions to resolve Plaintiff's claims out of court. By adopting the R&R and remanding for further proceedings, the Court has not rendered any opinion nor taken any steps that will alter the parties' respective bargaining positions. While the Court declines the suggestion that it could order a hearing on the motion for preliminary injunction and consolidate that hearing with a trial on the merits, it should be observed that a summary judgment motion has already been filed and such a motion, if not resolved in settlement discussions, may be considered by Judge Fricke in connection with an evidentiary hearing if she deems it appropriate or necessary. *See* 28 U.S.C. 636(b)(1)(B). Accordingly, the parties'

respective positions and the procedural standing of the case remains unchanged for all practical purposes.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiff's motion is **DENIED**; and

(2) This action is **REMANDED** to the Honorable Theresa L. Fricke, United States Magistrate Judge, for further proceedings.

Dated this 18th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge