UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REY DAVIS-BELL, a/k/a BILAL IMAN,

                Plaintiff,

    v.

D. DAHNE, et al,

                Defendants.

Case No. 3:17-cv-05319-BHS-TLF

ORDER GRANTING PLAINTIFF'S MOTION TO PRODUCE AND MOTION FOR CONTINUANCE

This matter comes before the Court on plaintiff's motion to produce legal paperwork (Dkt. 67) and motion for a continuance to reply to defendants' response to plaintiff's motion for summary judgment (Dkt. 71).

Plaintiff's motion for summary judgment was re-noted for consideration on December 15, 2017, pending the parties' efforts to settle plaintiff's remaining claims. Dkt. 60-61. Plaintiff filed his motion to produce legal paperwork on December 7, 2017. Dkt. 67. Plaintiff states in that motion that he was transferred from the Washington State Penitentiary on October 27, 2017, and arrived at the Monroe Correctional Complex ("MCC") on November 6, 2017. *Id.*

Plaintiff states that per Department of Corrections ("DOC") policy, two boxes of property are to be shipped with an inmate upon transfer to another prison facility. Dkt. 67. Plaintiff states that on November 20, 2017, he requested assistance from an MCC counselor in obtaining legal paperwork that "pertains to this matter" – which since his transfer he had been without – and that the next day that counselor requested it on his behalf. *Id.* at p. 2. Plaintiff further states that on

December 6, 2017, he was informed that two boxes had arrived for him, but that neither box contained the requested paperwork. *Id.*

Plaintiff asserts that without his legal paperwork, he is unable to reply to defendant in regard to their response to his summary judgment motion. On December 14, 2017, plaintiff filed his motion for a 30-day continuance to reply to defendants' response to his motion for summary judgment, again on the basis of lack of access to his legal paperwork. Dkt. 71.

In response to plaintiff's motion to produce his legal paperwork defendants state:

> At the time of his transport to the Monroe Correctional Complex, two boxes of Plaintiff's property was shipped with him on the transport bus. There is one remaining box of Plaintiff's property at the Washington Corrections Center. However, he has yet to provide the funds to cover the shipping costs. None of Plaintiff's boxes were marked "Legal" or stated they had legal documents as contents. . . .

Dkt. 68, p. 2. Defendants object to plaintiff's motion on the basis that:

(1) he "failed to properly follow the procedure to ensure any additional personal legal records that he may need would be transported with him"; and

(2) "while the additional box may contain some of his personal legal pleadings, it may also contain other personal items that the Department would be required to transport that go well beyond any necessary legal access that he may need."

*Id.* In response to plaintiff's motion for a continuance, defendants state they have no objection to such a continuance, but disclaim any "knowledge or information regarding the factual allegations contained in [that] motion, and disagree that he does not have access to adequate legal resources at the [MCC]." Dkt. 73, at pp. 1-2.

The Court notes at the outset that plaintiff did not allege he lacks access to adequate legal resources at the MCC, but rather that he lacks access to his own legal paperwork. *See* Dkt. 71. In addition, DOC Policy 440.020 expressly states: "The following items will also be transported

with the offender, but will not be included in the 2 box limit: . . . Legal documents/papers needed to meet a court imposed deadline, boxed/bagged and labeled using DOC 21-329 Property – ID Label." Dkt. 69-1, pp. 3-4. The plain meaning of this rule would seem to be that as long as the legal documents/papers are properly labeled per DOC 21-329, an inmate is entitled to receive them beyond the 2 box limit. *Id.*

As noted above, defendants assert the one remaining box of plaintiff's was not marked as "Legal" or otherwise indicated it contained legal documents. It is not clear whether or not that is what is needed to satisfy the requirements of DOC 21-329. Be that as it may, plaintiff has not made any claim or showing that the remaining box was marked in such a way as to indicate to prison staff at the time of his transfer or thereafter that it contained any legal documents/papers needed to meet a court imposed deadline.

Nevertheless, plaintiff does allege he asked a counselor at the MCC to request his legal paperwork, and that the counselor did so. While plaintiff does not allege he indicated to that counselor or any other prison official at the time of transport or upon his arrival at the MCC that the third box contained legal paperwork *needed to meet a court imposed deadline*, he has now done so – at least to defense counsel – via the two motions he has filed. Further, the Court sees no reason, and defendants have not presented any argument, as to why they cannot now work with plaintiff to transfer the pertinent legal paperwork transferred to him, even though it may be he did not follow proper DOC policy in the first place.

Accordingly, plaintiff's motion to produce legal paperwork (Dkt. 67) is GRANTED. Defendants shall assist plaintiff in obtaining all remaining legal paperwork that pertains to his motion for summary judgment and defendants' response thereto that may be contained in the remaining third box. Further, since DOC Policy 440.020 does not require plaintiff to pay for the

ORDER GRANTING PLAINTIFF'S MOTION TO
PRODUCE AND MOTION FOR CONTINUANCE - 3

transfer of legal documents/papers needed to meet a court imposed deadline, plaintiff shall not be required to do so. This Order, however, only entitles plaintiff to receive that legal paperwork that pertains to the summary judgment and defendants' response.

To give plaintiff sufficient time to reply to defendants' summary judgment response, furthermore, his motion for a 30-day continuance to do so (Dkt. 71) also is GRANTED. Plaintiff thus shall file his reply by **no later than January 19, 2018**. Accordingly, the Clerk shall re-note plaintiff's motion for summary judgment for consideration on **January 26, 2018**.

Dated this 21st day of December, 2017.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
PRODUCE AND MOTION FOR CONTINUANCE - 4