UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REY DAVIS-BELL, a/k/a BILAL IMAN,

Plaintiff,

v.

D. DAHNE, et al,

Defendants.

Case No. 3:17-cv-05319-BHS-TLF

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on plaintiff's three motions to compel answers to his first set of interrogatories. Dkts. 46, 47, 48. Having considered that motion and the balance of the record, the Court hereby finds and ORDERS as follows:

Plaintiff filed his motions alleging defendants have not adequately responded to his interrogatory requests. Defendants argue plaintiff's motions should be denied, because he failed to meet and confer prior to filing his motions as required by Federal Rule of Civil Procedure ("FRCP") 37. Dkts. 54, 55. The Court agrees.

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(1). Plaintiff does not contest the fact that he has not fulfilled this requirement. Rather, he asserts he did not do so because he "does not believe any conference and correspondence with [defendants' counsel] would change anything," and because "it is more than obvious that Defendant's [sic] have intended to do which is also not

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 1

cooperate" in regard to his interrogatory requests or "abide by" FRCP 33. Dkt. 56, p. 3. Plaintiff also asserts he is uncomfortable having "any type of Conference" with defense counsel, because he "has no protection" against the possibility of defense counsel informing defendants that he is not being cooperative if he disagrees with defense counsel, which plaintiff further asserts could "cause more trouble" for him. Dkt. 57, p. 4.

Plaintiff, however, has provided no evidence that a conference with defense counsel would be futile or that defendants intend not to cooperate with his interrogatory requests. Indeed, defense counsel herself states defendants are willing to supplement their answers in response to the issues he first raises in his motion to compel. Dkt. 54. Nor has plaintiff made any showing that defense counsel would interpret any disagreement he has with her as a sign of lack of cooperation, that defense counsel would then rely that information to defendants, or that such information would cause any sort of "trouble" for plaintiff.

Although plaintiff is *pro se*, he still is required to abide by the Federal Rules of Civil Procedure, including FRCP 37. Because plaintiff failed to confer with defense counsel as FRCP 37 requires, and because he has not offered any valid reasons for not satisfying that requirement, plaintiff's motions to compel (Dkts. 46, 47, 48) are DENIED.

Dated this 5th day of January, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 2